AARON HANCOCK (SBN 160937)
BISHOP | BARRY | DRATH
2000 Powell Street, Suite 1425
Emeryville, California 94608
Telephone: (510) 596-0888
Facsimile: (510) 596-0889
E-mail: ahancock@bishop-barry.com

Attorneys for Plaintiff Sandra Buchanan

GENE STONE (SBN 162112)
HOMAN & STONE
2121 N. California Boulevard, Suite 290
Walnut Creek, California 94596
Telephone: 925-974-3380
Facsimile: 925-825-6318
E-mail: gstone@homan-stone.com

Attorneys for Defendant United States of America

MELINDA L. HAAG (SBN 132612)
United States Attorney
ALEX G. TSE (SBN 152348)
Chief, Civil Division
JUAN D. WALKER (SBN 208008)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6915
Facsimile: (415) 436-6748
E-mail: juan.walker@usdoj.gov

Attorneys for Defendant United States of America

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDRA BUCHANAN<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA<br>Defendant. | No. C 11-1347 MEJ<br><br>**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; ~~[PROPOSED]~~ ORDER** |

It is hereby stipulated by and between the undersigned Plaintiff SANDRA BUCHANAN ("Plaintiff"), the Defendant UNITED STATES OF AMERICA ("Defendant"), and DTG OPERATIONS, INC., DOLLAR THRIFTY AUTOMOTIVE GROUP, INC., DOLLAR RENT A CAR, INC., THRIFTY RENT-A-CAR SYSTEM, INC., RENTAL CAR FINANCE CORP., DOLLAR RENT A CAR SYSTEMS, INC., YORK CLAIMS SERVICE, INC. - FLORIDA (hereinafter refereed to collectively as "Dollar Rent A Car"), by and through their respective attorneys, as follows:

WHEREAS, the parties participated in a Settlement Conference with Judge Nandor J. Vadas on November 8, 2012, at which this Stipulation for Compromise Settlement and Release was reached.

WHEREAS, the parties wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, which have transpired prior to the execution of this Settlement Agreement;

WHEREAS, the parties intend this to be a full, final and complete settlement that resolves all claims and potential claims that Plaintiff may have arising out of the subject automobile accident of August 1, 2007, including any claims for property damage, personal injury, past medical specials, future medical specials, wage loss, and loss of earning capacity.

NOW, THEREFORE, in consideration of the mutual promises contained in this Settlement Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the parties agree as follows:

1. Agreement to Compromise Claims. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. Definition of "United States of America." As used in this Settlement Agreement, the United States of America shall include its current and former agencies, agents, servants, employees, and attorneys, including but not limited to, the National Credit Union Administration and/or any of its current or former agents, servants, employees, and attorneys, including, but not

limited to, Victoria Bennett.

3. Settlement Amount. Dollar Rent A Car agrees to pay the sum of One Hundred Thousand dollars ($100,000) and the United States of America agrees to pay the sum of Twenty-Five Thousand dollars ($25,000.00) ( collectively "Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

4. Release. Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the Dollar Rent A Car and the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators or assigns further agrees to reimburse, indemnify and hold harmless Dollar Rent A Car and the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for loss of consortium or wrongful death.

5. Dismissal of Action. In consideration of the payment of the Settlement Amount and the other terms of this Settlement Agreement, Plaintiff shall immediately upon execution of this Settlement Agreement also execute a Stipulation of Dismissal. The Stipulation of Dismissal

shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed within five (5) business days of receipt by Plaintiff's attorney of the Settlement Amount.

6. No Admission of Liability. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of Dollar Rent A Car or the United States, and it is specifically denied that either is liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. Parties Bear Their Own Costs. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the settlement amount and not in addition thereto.

8. Attorney's Fees. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. Authority. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. Waiver of California Civil Code § 1542. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by her attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or

different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11. Payment by Check. Payment of the settlement amount will be made by two checks one issued on behalf of Dollar Rent A Car in the amount of One Hundred Thousand dollars ($100,000) and one issued on behalf of the United States of America in the amount of Twenty-Five Thousand dollars ($25,000.00). Each check shall be payable to "Bishop | Barry | Drath in trust for Sandra Buchanan and Healthcare Recoveries". The checks will be sent via federal express to Aaron Barry, Esq., BISHOP | BARRY | DRATH 2000 Powell Street, Suite 1425, Emeryville, California 94608. Plaintiff's attorneys agree to distribute the settlement proceeds to the Plaintiff. Plaintiff and her attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more to process from the date that the Court "so orders" this Agreement.

12. Tax Liability. If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the Settlement Amount, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency. Nothing in this Settlement Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

13. Construction. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Settlement Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Settlement Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Settlement Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14. Severability. If any provision of this Settlement Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

15. Integration. This instrument shall constitute the entire Settlement Agreement between the parties, and it is expressly understood and agreed that the Settlement Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Settlement Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Settlement Agreement. This Settlement Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

16. Liens. Plaintiff is responsible for satisfying any and all outstanding liens relating to Plaintiff's medical treatment arising out of the subject matter of this action. Plaintiff shall indemnify and hold harmless Defendant and Dollar Rent a Car from any liability Defendant or Dollar Rent A Car may incur from any lien claimant arising out of any failure by Plaintiff to satisfy the outstanding liens.

DATED: November 15, 2012

SANDRA BUCHANAN, Plaintiff

BISHOP | BARRY | DRATH

DATED: November 19, 2012

AARON HANCOCK
Attorneys for Plaintiff

HOMAN & STONE

DATED: November 27, 2012

GENE STONE
Attorneys for Plaintiff

MELINDA HAAG
United States Attorney

DATED: November __, 2012

JUAN D. WALKER
Assistant United States Attorneys
Attorneys for Defendant

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: ________________

HON. MARIA-ELENA JAMES
United States Magistrate Judge

16. Liens. Plaintiff is responsible for satisfying any and all outstanding liens relating to Plaintiff's medical treatment arising out of the subject matter of this action. Plaintiff shall indemnify and hold harmless Defendant and Dollar Rent a Car from any liability Defendant or Dollar Rent A Car may incur from any lien claimant arising out of any failure by Plaintiff to satisfy the outstanding liens.

DATED: November __, 2012

SANDRA BUCHANAN, Plaintiff

BISHOP | BARRY | DRATH

DATED: November __, 2012

AARON HANCOCK
Attorneys for Plaintiff

HOMAN & STONE

DATED: November __, 2012

GENE STONE
Attorneys for Plaintiff

MELINDA HAAG
United States Attorney

DATED: November 29, 2012

JUAN D. WALKER
Assistant United States Attorneys
Attorneys for Defendant

~~[PROPOSED]~~ **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: December 6, 2012

HON. MARIA-ELENA JAMES
United States Magistrate Judge

**PROOF OF SERVICE** ***(Federal Rules of Civil Procedure Rule 5)***

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is 12 North Fifth Street, Redlands, California 92373.

On December 6, 2012, I served the foregoing document(s) described as **STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER** on the other parties in this action as follows:

Aaron Hancock, Esq.
**BISHOP, BARRY, DRATH**
2000 Powell St., Ste. 1425
Emeryville, CA 94608
(510) 596-0888
Fax: (510) 596-0889
E-mail: ahancock@bishop-barry.com
***(Attorneys for Plaintiff, Sandra Buchanan)***

MELINDA L. HAAG (SBN: 132612)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JUAN D. WALKER (SBN 208008)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6915
FAX: (415) 436-6748
juan.walker@usdoj.gov

[X] **(BY MAIL)** By placing [ ] **the original** [X] **a true copy** thereof enclosed in a sealed envelope(s) addressed as to the above-named counsel of record or parties in propria personal. I deposited such envelope(s) in the mail at Redlands, California, with postage thereon fully prepaid. I am readily familiar wit the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 6, 2012, at Redlands, California.

[signature]
Tammy M.E. Wons